IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01551-NRN

GARY CRIST, an individual,

Plaintiff,

v.

THE DENVER POST, and
DP MEDIA NETWORK LLC, a Colorado limited liability company,

Defendants.

## ORDER ON
## DEFENDANT DP MEDIA NETWORK, LLC'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. #13)

**N. Reid Neureiter**
**United States Magistrate Judge**

This case is before the Court pursuant to the consent of the parties to magistrate judge jurisdiction (Dkt. #16) and an Order of Reference (Dkt. #21) issued by Chief Judge Philip A. Brimmer. Now before the Court is Defendant DP Media Network LLC's ("DP Media")[1] Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") (Dkt. #13). Plaintiff Gary Crist, who proceeds pro se,[2] filed a response (Dkt. #14) and DP Media

---

[1] "The Denver Post" is also named as a Defendant, but that is just a registered trade name of DP Media.

[2] Because Plaintiff proceed pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal.*

filed a reply (Dkt. #15). Mr. Crist also submitted a sur-reply (Dkt. #17), but the Federal Rules of Civil Procedure do not contemplate the filing of a sur-reply as a matter of right, and Mr. Crist did not seek, and was not granted, leave to file one. Accordingly, the Court will not consider this filing.

The Court has heard argument from the parties, taken judicial notice of the docket, and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **GRANTS** the subject Motion to Dismiss (Dkt. #13).

## BACKGROUND[3]

Mr. Crist and his company, Paperboy News Delivery, LLC, initiated this lawsuit in Colorado state court on April 27, 2023. *See* Compl. (Dkt. #4). DP Media timely removed the action to federal court. *See* Notice of Removal (Dkt. #1). Mr. Crist agreed to withdraw Paperboy News Delivery, LLC as a party because, as a business entity, it could not proceed without attorney representation. *See* Mot. to Withdraw Paperboy News Delivery, LLC (Dkt. #19).

Mr. Crist alleges that DP Media "openly, via email and voice calls, expressed disregard to Plaintiff's disabilities" and "creat[ed] a hostile work environment in retaliation to Plaintiff's disabilities," although he does not describe what disabilities he

---

*State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

[3] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

has. He further alleges that he "incurred on the job injuries while working for/with" DP Media, but he does not identify those injuries or explain how or when they occurred. Mr. Crist also claims that DP Media improperly classified employees as independent contractors to avoid paying taxes. Finally, Mr. Crist alleges that DP Media violated federal criminal law when one of its employees "walked into a facility and opened and removed another individuals' [sic] paycheck." He seeks damages in excess of $26 million.

DP Media moves for dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. DP Media argues that Mr. Crist has not exhausted his discrimination claims and otherwise fails to any plausible claims for relief.

## LEGAL STANDARDS

### I. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "[T]he party invoking federal jurisdiction," generally the plaintiff, "bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows DP Media to raise the defense of the Court's "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations

3

as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). When reviewing a factual attack, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) (unpublished).

**II. Rule 12(b)(6)**

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the

4

plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court may consider documents incorporated by reference, documents referred to in the complaint that are central to the claims, and matters of which a court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Publicly filed court records are subject

5

to judicial notice. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *Trusdale v. Bell*, 85 F. App'x 691, 693 (10th Cir. 2003).

## ANALYSIS

### I. Administrative Exhaustion and Mr. Crist's Discrimination Claims

Mr. Crist alleges that DP Media discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §§ 24-34-401 *et seq.* ("CADA"). The problem for Mr. Crist is that employment discrimination claims brought under either statute must first be administratively exhausted. Under the ADA, before an employee may bring a discrimination lawsuit against their employer, the employee must first exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Wickware v. Manville*, 676 F. App'x 753, 767 (10th Cir. 2017). Similarly, CADA requires a verified written charge to be filed with the Colorado Civil Rights Division. *See* Colo. Rev. Stat. § 24-34-306(14) ("No person may file a civil action . . . based on an alleged discriminatory or unfair practice . . . without first exhausting the proceedings and remedies available to him . . . ."). The right to sue notice, issued at the conclusion of the administrative process, constitutes the exhaustion of administrative remedies. *See* 29 C.F.R. § 1601.28; Colo. Rev. Stat. § 24-34-306(15). "An employee's failure to file a charge with regard to a given event or theory of discrimination requires that any unexhausted claim or theory asserted by the employee in subsequent litigation be dismissed." *Kulikowski v. Payscale*, No. 18-cv-00702-MSK-MEH, 2018 WL 3209109, at *3 (D. Colo. June 29, 2018). The burden of

proving exhaustion is on the employee. *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

Mr. Crist's response provides no argument addressing ADA and CADA exhaustion, and the Complaint does not allege that he did exhaust his administrative remedies. Consequently, Mr. Crist's discrimination claims are dismissed under Fed. R. Civ. P. 12(b)(1) and/or (6).[4]

## II. No Private Right of Action under 18 U.S.C. § 1702 or Colo. Rev. Stat. § 8-70-115

Mr. Crist alleges that a former employee of DP Media violated 18 U.S.C. § 1702 by opening and taking someone's paycheck. It is unclear whether it was Mr. Crist's paycheck that was stolen. It is also unclear how this individual's actions can be attributable to DP Media. In any case, 18 U.S.C. § 1702 is a federal criminal postal statute that provides for criminal penalties (fine or imprisonment) for "[w]hoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, . . . with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same." Federal

---

[4] Exhaustion of administrative remedies is not a jurisdictional prerequisite for an ADA lawsuit; failure to exhaust such remedies merely affords the employer an affirmative defense. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). Under Colorado law, however, administrative exhaustion *is* a jurisdictional prerequisite to claims brought under CADA, although courts in this District have also dismissed CADA claims for failure to exhaust under Rule 12(b)(6). *See Lasser v. Charter Commc'ns, Inc.,* No. 19-cv-02045-RM-MEH, 2020 WL 2309506, at *3 n.1 (D. Colo. Feb. 10, 2020). The Court's analysis is the same either way because Mr. Crist does not allege that he ever filed a charge of discrimination or received a right to sue notice. And even if Mr. Crist had administratively exhausted his ADA and CADA claims, as currently pled, they utterly fail to state a claim for relief under Rule 12(b)(6). Mr. Crist does not even sufficiently allege that he had a disability, which obviously is a necessary element of disability discrimination claim. Nor does he describe in any way who discriminated or retaliated against him or in what way, or how he was subjected to a hostile work environment.

criminal statutes do not provide private causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (noting that private citizens cannot compel enforcement of criminal law); *see also Bullis v. Kullman*, No. 2:19-cv-11724, 2019 WL 2743395, at *3 (E.D. Mich. July 1, 2019) (collecting cases demonstrating that 18 U.S.C. §§ 1702, 1703, 1705, and 1706 are federal criminal postal statutes that "do not provide a private cause of action for damages or other civil action for the alleged deprivation of rights"). Mr. Crist cannot maintain a civil claim under this section.

Mr. Crist also alleges that DP Media violated § 8-70-115 of the Colorado Employment Security Act by misclassifying some of its workers as independent contractors in an effort to "defraud the state and federal government." This claim is plainly deficient because Mr. Crist does not allege that he was harmed; rather, the state and federal government are the ones who are alleged to have been damaged. And the Colorado Employment Security Act empowers the Director of the Division of Employment and Training in the Colorado Department of Labor and Employment, upon the filing of a written complaint, to investigate an employer who has misclassified a worker. *See* Colo. Rev. Stat. §§ 8-72-114(3)(a)–(b). It does not create a private cause of action or permit an individual to obtain relief in the form of "back taxes," as requested by Mr. Crist. *See id.* § 8-72-114(e)(II) ("If the *director* finds that an employer has engaged in the misclassification of employees, the *director* shall order the employer to pay back premiums owed and interest.") (emphasis added).

Any claim for relief based on purported violations of these federal and state statutes must be dismissed.

### III. Mr. Crist's Alleged On-the-Job Injuries

Finally, Mr. Crist states that he incurred injuries while working for DP Media. To the extent Mr. Crist intended to state a claim for these injuries, it would fail under Rule 12(b)(6) as bare and conclusory. Also, as DP Media notes, Colorado's Workers' Compensation Act is an employee's exclusive remedy for compensation by an employer for work-related injuries. *See DerKevorkian v. Lionbridge Techs. Inc.,* 316 F. App'x 727, 734 (10th Cir. 2008) (citing *Serna v. Kingston Enters.,* 72 P.3d 376, 379 (Colo. Ct. App. 2002)).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #13) is **GRANTED**, and that Plaintiff's Complaint (Dkt. #4) is **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT

Date:  December 21, 2023
       Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge